**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICK BENAVIDEZ,

      Plaintiff,

v.                                                   No. 18cv433 WJ/KK

ERIKA GARCIA,
ALISON ARIAS,
GARALD LAVELLE,
MOTOR VEHICLE DEPARTMENT OF NEW MEXICO,
NEW MEXICO CHILD SUPPORT ENFORCEMENT DIVISION,
ALBUQUERQUE POLICE DEPARTMENT, and
HALLIE ROSSBACH,

      Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's Complaint for a Civil Case, Doc. 1, filed May 9, 2018 ("Complaint").

Plaintiff filed his Complaint using a form "Complaint for a Civil Case" which instructs plaintiffs to "write a short and plain statement of the claim" and to "state how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." Plaintiff's statement of his claim states in its entirety:

> The defendents on april 30th 2018 tried to force me to give up my rights to my daughter and force me to sign paperwork for the adoption of my daughter to try to alienate me from her and if i choose not to show up to state court they will force a contract that Erika Garcia applied for me on my behalf that i did not conscent to and if i didn't pay 5000 dollars to erika they would come and kidnap me and force me to pay. I rescinded that contract over a month ago giving the defendents 30 days to respond and the defendents completely ignored it. The defendents already kidnaped me in august 23rd 2016 and never read me my miranda rights and forced me to pay 1700 to Erika Garcia.

[sic] Complaint at 4.

The Court dismisses the Complaint without prejudice for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff failed to state with any particularity what each of the seven Defendants did to Plaintiff. In addition, the Albuquerque Police Department is not a suable entity because it is a subunit of the City of Albuquerque. *See Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983") (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS ORDERED** that Plaintiff's Complaint for a Civil Case, Doc. 1, filed May 9, 2018, is dismissed without prejudice. Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE