IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK BENAVIDEZ,

        Plaintiff,

v.                                                                                             No. 18cv433 WJ/KK

ERIKA GARCIA,
ALISON ARIAS,
GARALD LAVELLE,
MOTOR VEHICLE DEPARTMENT OF NEW MEXICO,
NEW MEXICO CHILD SUPPORT ENFORCEMENT DIVISION,
ALBUQUERQUE POLICE DEPARTMENT, and
HALLIE ROSSBACH,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint, Doc. 7, filed May 16, 2018 ("Complaint").

The Court dismissed Plaintiff's original Complaint without prejudice for failure to state a claim because Plaintiff failed to state with any particularity what each of the seven Defendants did to Plaintiff. The Court explained that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated" and granted Plaintiff leave to file an amended complaint. *See* Doc. 5, filed May 11, 2018.

Plaintiff's Amended Complaint alleges that:

Defendant/Person, Erica Garcia, subscribed and volunteered my person in her hand-writing without my authorization, to pay for her personal benefit, because I am not getting any benefits and I have not ever seen my daughter since she was born in the year of 2013 and said person is keeping my daughter away from I and has made numerous attempts by trying to let another man adopt my daughter by

> sending I letters in the mail and I did not have to partake in, which is an constitutional violation of my life, liberty, and the pursuit of happiness, to be in my daughter's life.

[sic] Amended Complaint at 2. The Court dismisses Plaintiff's claims against Erika Garcia for failure to state a claim. While the phrase "life, liberty and the pursuit of happiness" appears in the second line of the Declaration of Independence, the right "to be in a daughter's life" is not in the Constitution. Plaintiff's vague allegation against Erika Garcia, without more, does not state a claim for a deprivation of a right secured by the Constitution or federal law.

The Amended Complaint alleges that Defendant Lavelle issued a "fraudulent bench warrant" which led to Plaintiff's "unlawful arrest," and that Defendant Rossbach willfully refused to file Plaintiff's "motion documents." Amended Complaint at 2-3. The website for the Second Judicial District, Bernalillo County, New Mexico, shows that Gerard Lavelle is a district judge for the Second Judicial District and Hallie Rossbach is his assistant. The Court dismisses the claims against Defendants Lavelle and Rossbach because they are immune from suits for money damages because they are a judge and court employee and were acting in a judicial capacity. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727-728 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction" and "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").

The Court dismisses Plaintiff's claim asserting that the Motor Vehicle Department of New Mexico "suspended my driver's license, because of [Defendant Garcia's] debt to the State of New Mexico, which I never borrowed any money from," and that the New Mexico Child Support Enforcement Division "mailed threatening letters stating that, if I don't pay said defendants that they were going to deprive [me] of my driving and passport privileges, which is a guaranteed constitutional." Amended Complaint at 3. Plaintiff makes the conclusory allegation that "I have [a] constitutional right to travel or drive on the public highways, because I am a taxpayer." The New Mexico Motor Vehicle Department and the New Mexico Child Support Enforcement Division, as arms of the State of New Mexico, are immune from suits for damages pursuant to 42 U.S.C. § 1983.[1] *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits").

The Court dismisses the claims against Betsy Salcedo who Plaintiff alleges "violated my freedom to enter into a contract and constitutional right to be a father, by mailing me 11 packets and trying to move forward with Erika Garcia's adoption, that I did not agree or consent to." Complaint at 4. There are no other factual allegations regarding Defendant Salcedo. The single

---

[1] Plaintiff states that he wrote 28 U.S.C. § 1983 "by mistake" as the federal statute he was filing under on the Civil Cover Sheet for his original Complaint. Plaintiff also states that he is filing his Amended Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1357 (granting district court jurisdiction over civil actions commenced by persons to recover damages for injuries on account of any acts done by him, under any act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote), and 28 U.S.C. § 1391 (governing venue). The Court refers to 28 U.S.C. § 1983 because Plaintiff is alleging violations of his constitutional rights. "28 U.S.C. § 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Bird v. West Valley City*, 832 F.3d 1188m 1208 (10th Cir. 2016).

allegation against Defendant Salcedo, without more, is not sufficient to show a deprivation of a right secured by the Constitution or federal law.

The Court dismisses Plaintiff's claim asserting that the Albuquerque Police Department "abducted" Plaintiff, did not read Plaintiff his Miranda rights and did not promptly take Plaintiff "to the Magistrate." Amended Complaint at 3. In its Order dismissing Plaintiff's original Complaint, the Court notified Plaintiff that:

> the Albuquerque Police Department is not a suable entity because it is a subunit of the City of Albuquerque. *See Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983") (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

Doc. 5 at 2.

Having dismissed all of Plaintiff's claims in the Amended Complaint, the Court dismisses this case without prejudice.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE